Kilty, C. J., and Fitzhugh, J.,
were of opinion that it could not.
Cranch, J.,
that it could; but the Court intimated that they would reconsider the case; and a verdict was taken for the plaintiffs subject to the opinion of the Court on a case to be stated.
The case stated that on the 10th November, 1801, at Philadelphia, the defendant signed and delivered to the plaintiffs his note for $2500, payable one hundred and twenty days after daté; that the plaintiffs on the day of the date of the said note, indorsed the same for the accommodation of the defendant, and to enable the defendant to raise money upon it for his own use, and redelivered *195 said note to the defendant; that at the time of indorsing and redelivering the said note, the plaintiffs received from the defendant his indorsement upon their note for a like amount, payable at the same time, for the accommodation of the plaintiffs, to enable them to raise money for their own use, which was the only consideration for the indorsement of the first-mentioned note; that plaintiffs paid the whole of each of said notes to the last indorsees before the commencement of this suit, to wit, on the 17th May, 1802, with the interest and charges of protest, on the first note which was paid to M. Lawler, an indorsee thereof, and they have never received payment of any part thereof from the defendant. That sometime in the year 1801, the defendant sold the first-mentioned note, (the cause of action in this suit,) and received the whole proceeds for his own use; that the amount of the note upon which this suit is brought was demanded of the plaintiffs on the day it became due, to wit, on the 13th of March, 1802; that on ‘the 10th of February, 1802, the defendant committed an act of bankruptcy at Philadelphia, and a commission was duly issued against him upon that act, on the 13th of February ; that on the 4th of May the commissioners granted their discharge to the defendant, and on the 28lh of May he obtained a final certificate of discharge from the judge of the District Court; that the debt due on the first-mentioned note was not proved under the commission of bankruptcy, the commissioners having refused to permit the same to be proved.
For the plaintiffs, it was contended, that they could not prove this note under the defendant’s commission; that no debt was due to plaintiffs till they paid the note, and the payment was not made till the 17th of May; that a debt contracted after the act of bankruptcy will not support a commission, nor can it be proved under the commission. Bamford v. Burrell, 2 B. & P. 1. But that if the rule were otherwise its being an accommodation note would prevent its being proved. Howis v. Wiggins, 4 T. R. 714; Brooks v. Rogers, 1 H. Bl. 640; Cowley v. Dunlop, 7 T. R. 565.
For the defendant. Mutual notes were given, and therefore this was not an accommodation note, but for valuable consideration. If such a consideration passed, the debt was contracted when the note was given. Notes payable at a future day,- may be proved under a commission. Bankrupt Act, § 39, [2 Stat. at Large, 32,] ; Coop. Bank. L. 122,123; Macarthey v. Barrow, 2 Stra. 949; Ex parte Wardwell, 3 Wils. 17. A surety in a bond may prove under the commission, and if he pay the debt after the bankruptcy of the principal he cannot recover against him. Toussant v. Martinnant, 2 T. R. 100; Martin v. Court, 2 T. R. 640. Where a party is bound to pay at all events, as these ¡plaintiffs were, he may prove *196 under the commission, though the debt is payable in future. Hancock v. Entwisle, 3 T. R. 435. If the plaintiffs had the note before a final dividend, they might have proved. Cowley v. Dunlop, 7 T. R. 565. They are not prevented from proving, because it is an accommodation note. Staines v. Planck, 8 T. R. 389. From Cowley v. Dunlop, it seems that Howis v. Wiggins, and Brook v. Rogers, are of doubtful authority; but those eases differ from this, that there, there were not, as here, mutual accommodations. Mutual notes are good considerations for each other ; they are not contingent, but actual debts solvencia in futuro. Rolfe v. Caslon, 2 H. Bl. 570; Vide, also, 2 Dal. 127, where the plaintiff may prove under commission if he could maintain debt. Ex parte Thomas, 1 Atk. 73, where an indorsee proved a note indorsed after bankruptcy. Walton's case, 1 Atk. 122, where an indorser was allowed to prove against the drawer’s estate, a bill taken up after bankruptcy; and Span's case, Green’s Bank. Law, 39, where a holder proved a bill against acceptor’s estate, which was negotiated after the acceptor’s bankruptcy, and although he had not the bill at the time of his bankruptcy. Coop. B. L. 214, 215; Cooke, B.L. 211.
CRanch, J. The question is, whether the plaintiffs could have proved this note under the commission against the defendant. There is no doubt that the note might have been proved under that commission by somebody. The defendant’s estate was already liable for its amount. But it never has been proved under the commission by anybody. The note therefore still exists as a note unsatisfied, and clothed with all its original obligation. The contract which it raised is still in full force as a special and express contract, and the principle of law is well settled, that where the parties have made an express contract, the law will not interfere and raise an implied one. For the law implies a contract only where the parties have failed to make an express agreement, and where otherwise injustice would be done to one of them. The present action being grounded on an implied assumpsit only, it might, perhaps, be sufficient for the defendant to show that there, was an express contract respecting the same transaction. The plaintiffs cannot recover upon both the express and implied contract, for if there is an express contract, there cannot be an implied one. But waiving this bar to the plaintiffs’ recovery, I am of opinion that the plaintiffs could have proved the debt under tl*e commission against the defendant, and consequently that his certificate is a bar to the action. Cases have been cited on both sides, which are certainly in some degree contradictory to each other. I shall therefore pass over all the cases which precede that of Cowley v. Dunlop, in which they were all taken up and reconsidered ; and *197 which, although it did not decide the question in that case, yet, if I do not misconceive the arguments of the judges, will go very far to decide the present. In the present case the note was originally given and made payable to the plaintiffs on a sufficient consideration ; it therefore was a note upon which an action might have been maintained, and immediately created a debt payable in future. Nothing was defective in the original transaction ; it was not a contingent debt, but an absolute engagement to pay a sum certain at a certain time, for a valuable consideration. The two notes were mutual considerations for each other, and in an action brought upon either of them against the maker, he cannot support an allegation that it was nudum pactum. It is true that if he had been obliged already to pay the other note in consequence of his indorsement, he might plead it by way of set-off, or maintain a counter action against the plaintiff: but until the two notes are thus mutually opposed to each other, both are valid, and remain good evidence of mutual debts. This note then constituted a good claim against the defendant’s estate at the time of his bankruptcy. The estate was not only liable for it, but was the principal debtor, to whom the holder might and in justice ought to resort for payment. It ought not to be in the power of the holder to decide whether the certificate should or should not be a bar to the claim. The legislature has attempted to avoid this evil, by declaring that the certificate should be a bar, not only to such claims as were proved, but such as might have been proved under the commission, not contemplating the possibility that the mere transfer of the debt could prevent the certificate from being a bar. In the case of Cowley v. Dunlop, 7 T. R. 565, the judges were equally divided upon the question then before the Court. Lawrence and Grose, justices, were decidedly of opinion that the defendant’s certificate was a bar to the action ; and Ld. Kenyon, C. J., in his argument admits principles which if correct are decisive in favor of the present defendant. He admits that if the bill had not been once proved against the defendant (the acceptor) and a dividend received, which, in contemplation of law, he considers as a satisfaction of the bill, and if it had been returned upon the indorser, subsequent to the bankruptcy, the indorser would thereby be remitted to his former right, and be in the same condition as if he had never passed it away, (so as to stand in the place of the indorsee) and consequently might have proved the debt under the commission. But he contends, that inasmuch as the holder of that bill had proved it under the defendant’s commission, and received a dividend, whereby the express contract created by the bill was executed on the part of the defendant, and had become extinct, there was no right remaining under that bill to which the *198 plaintiff could be remitted, and therefore when the plaintiff paid the balance of the money due upon the bill to the indorsee, a new implied contract arose on the part of the defendant which could not have been proved under the commission, and which therefore was not barred by the certificate. In the present case the note has never been proved under the commission, and therefore it still remains a valid, express contract, attended by all its resulting rights; and consequently, according to his Lordship’s ‘opinion, upon being returned upon the indorser, he was remitted to his former right, and might have proved the debt against the defendant’s estate. If the arguments of the plaintiffs’ counsel are correct, an executor, an administrator, or an indorsee, obtaining possession of the securities after the act of bankruptcy committed, could not prove the debts. By which means a class of creditors, who had bona fide given credit to the securities, would, contrary to the express words of the Act of Congress, be precluded from any share in the bankrupt’s estate; and the bankrupt himself would be placed in a much worse situation after his certificate than he was in before. For the moment he had given up every thing in the world, he would find himself still encumbered with a load of debts, and exposed to the vengeance or the malice of unrelenting creditors, without a hope of escaping from the burden. Because, under a second commission, he would be entitled only to a discharge of his person unless his estate shall pay seventy-five per cent, on the amount of the debts; and, by the statement of the case, he cannot have any estate at all. A construction of the law which will produce these consequences ought to be very obvious, and at least produced by a necessary implication. I can see no such necessity, and therefore I am obliged to reject such a construction.
The judgment of the Court was accordingly for the defendant.
The cases of Buckler v. Buttivant, 3 East, 72, and Houle v. Baxter, 3 East, 177, were not cited, nor seen by the Court, until after their opinion was given. They fully justify it.